MICHAEL DONOVAN, APPELLEE, v. JOHN KLOKE, APPELLANT.

1. **Public Lands.** TAXATION OF. Lands purchased from the United States by private entry are subject to taxation as soon as the sale is completed by the payment of the purchase money. But, until this time, the land is not so liable, and every step taken by way of the assessment or levy of taxes is void.

2. ———————: PURCHASE OF. The plaintiff, in 1869, purchased at private entry the south-east quarter of a section of public lands, and received the usual certificate. In 1873 this entry was cancelled and he was permitted to enter in lieu thereof the north-east quarter of the same section. But instead of issuing to him a new certificate, the old one, numbered 2,558, was so changed by writing across its face as to make it apply to the latter tract, but without changing its date. *Held*, that by this transaction as to the north-east quarter, the plaintiff became the owner in 1873, and not in 1869, the date of the certificate.

3. ———————: ——————— CERTIFICATE OF PURCHASE. CHANGE OF. Where a certificate of purchase is so changed, it will be given the same effect as if it were actually issued at the date of such substitution.

APPEAL from the district court for Cuming county. Tried below before SAVAGE, J. The opinion states the facts in the case.

*Uriah Bruner*, for appellant.

The admission of the testimony to show the error in the entry is incompetent and irrelevant.

Where contracts have an ascertained and fixed meaning, the acts of the parties under which the contracts are made are inadmissible. *Giles v. Comstock*, 4 N. Y., 270. 1 Best on Ev., 223, and citations.

Recitals in a deed are binding upon all claiming under the deed. *Douglas v. Scott*, 5 Ohio, 194. *Denn v. Brewer*, 1 N. J. L. (Coxe), 172. *Inskeep v. Shields*, 4 Harr. (Del.), 345. *Byrne v. Morehouse*, 22 Ill., 603.

Donovan v. Kloke.

*McLesky v. Leadbetter,* 1 Ga., 551. *Stewart v. Butler,* 2 Serg. & R., 381. *Jackson v. Parkhurst,* 9 Wend., 209.

A party shall not claim an interest under an instrument without giving full effect to that instrument as far as he can. Williard's Eq. Jur., 545.

An order of a court authorizing a sale of real estate made subsequent to the sale, cannot be given in evidence to sustain such sale. *Lessee of Ludlow's Heirs v. Park,* 4 Ohio, 5.

Parol evidence, or other extrinsic evidence, is not admissible to vary, contradict, or explain the contents of a contract, except for ambiguity or uncertainty apparent on the face thereof. 1 Greenl. Ev., 275-6-7, 282. Parol evidence is admissible to explain a *latent* ambiguity in the deed. 1 Greenl. Ev., 284-6, 297 to 300. Best on Ev., 226.

The land is taxable. *Franklin v. Kelly,* 4 Neb., 90. *Carroll v. Safford,* 2 How., 441.

*Crawford & McLaughlin,* for appellee.

The plaintiff's entry of the south-east quarter was cancelled, and the money ordered to be refunded to him, or, if he preferred, he could have the north-east quarter; and he decided to take the latter, and the local officers, instead of giving plaintiff a new certificate, amended the old one, and now the attorney for defendant, who was then receiver of the land office, and who amended the certificate, when it was his duty to issue a new one and cancel the old, insists that plaintiff became the owner of the north-east quarter in 1869, instead of 1873; that by his act of amending said certificate he legalized taxes that were illegal and void.

We need cite no authorities to convince this court that such a proposition is untenable; nor do we deem it necessary to notice the authorities cited by defendant,

further than to say that they have no more application to this case than any other case before this court.

LAKE, CH. J.

This is an appeal from a decree of the district court for Cuming county, perpetually enjoining the defendant and his successors in office from executing or delivering a tax deed for the north-east quarter of section one, township twenty-three, range seven east, in pursuance of a tax sale of the land, for taxes levied for the year 1872, and the main question presented for our decision is, whether this land was liable to taxation for that year.

Donovan purchased this land directly from the United States, by private entry, and it was of course subject to taxation as soon as the sale was completed by the payment of the purchase price. *Bellinger v. White*, 5 Neb., 399.

But until this time the land was not so liable, and every step taken by the local county officers, by way of the assessment of the lands for taxation or the levy of taxes, was absolutely void. The ownership of the land, therefore, at the time of the levy of the taxes complained of, is the important fact to be settled.

The testimony bearing upon the question of ownership is brief and not at all conflicting. It appears from the evidence that Donovan, on the third day of April, 1869, at the local land office of the United States, at Omaha, entered and paid for the south-east quarter of the above mentioned section, and received the usual certificate therefor. By mistake, however, of the register, this purchase was entered upon the tract book as being the north-east quarter of the section, but the records of the receiver and the report of the sale transmitted to the general office at Washington, conformed to the certificate, and were correct.

By another mistake of the local officers Donovan's en-

try conflicted with a prior one made June 3, 1868, on the same land, by one Gustave Romsnoski, and for this reason was duly cancelled by the commissioner of the general land office on the fourteenth of March 1873, as appears by his letter of that date. At this time, and by this very letter, Donovan was given the option either to take the north-east quarter, which was then subject to private entry, or, if he preferred it, a return of the money paid for the land he had actually purchased. He decided to take the land, and the patent under which he holds the legal title to the land in controversy was issued to him in pursuance of this arrangement.

By the terms of the option given to Donovan he was required to make his election as to which he would take within thirty days, and his ownership would date from the time that he did so. It is clear, therefore, that up to this time this land was the property of the United States, and any steps taken to encumber it, by the levy of taxes or sale to enforce their payment, would be absolutely void as against both the government and its grantee. We entertain no doubt whatever that the alleged levy of taxes for the year 1872, and the sale thereunder, were not only in violation of the first section of our revenue act, which declares that the property of the United States " shall be exempt from taxation," but also of the compact entered into between the state and the general government at the time of our admission into the Union, "that no taxes shall be imposed by said state on lands or property therein belonging to, or which may hereafter be purchased by, the United States."

It was urged with much earnestness by defendant's counsel that, inasmuch as the patent for this land recites the original certificate, No. 2,558, issued to Donovan at the time of his entry in April, 1869, he is estopped from denying that his ownership dates back to that time. Ordinarily this would be the proper construction to apply

to such a recital, but it is not applicable to a case where, as here, it is shown by the certificate and other satisfactory evidence, that a mistake had occurred, resulting in the cancellation and loss of the first purchase, and that by a mutual arrangement between the government and the purchaser, as late as August 12, 1873, the certificate was so changed as to make it apply to other land taken in lieu of that first entered. The change noted on certificate No. 2,558 is in these words: " Amended to read north-east quarter section one, township twenty-three, range seven east, August 12, 1873," and signed by the receiver of the land office. This change was made in pursuance of the arrangement before mentioned between the commissioner and Donovan, by which the land in controversy was substituted for that originally purchased, and the certificate so changed must be given the same effect as if it were actually issued at the date of such substitution.

The holding of the district court, having been in conformity with these views was right, and a decree will be entered in this court making the injunction heretofore granted perpetual.

DECREE ACCORDINGLY.