Bellinger v. White.

JOHN BELLINGER, PLAINTIFF IN ERROR, V. CHARLES C. WHITE, TREASURER OF LANCASTER COUNTY, AND E. L. CHESTER, DEFENDANTS IN ERROR.

1. **United States Homestead Act:** TAXATION OF LANDS ACQUIRED UNDER. On the fourth day of November, 1864, plaintiff entered certain lands as a homestead, under the act of Congress, approved May 20, 1862, settled upon and improved the same, and continued to reside thereon until the 11th day of October, 1871, at which time he made final proof. On or about the first day of April, 1871, the lands were duly assessed, and in July of that year, the county commissioners levied taxes thereon: *Held,* that a homestead becomes liable to taxation as soon as the owner has the right to make his final proof and complete his title; that an action will not lie to restrain the collection of such taxes; and that the legal title in such a case is held by the United States as a trustee, and not as owner.

2. ———: ———: JURISDICTION OF COURTS OF EQUITY. He who seeks the interposition of a court of equity to restrain the collection of a tax on his real estate, on account of its alleged illegality, must bring himself clearly within some recognized rule of equity jurisdiction; and will not be permitted to allege his own failure to perfect his title, as a ground on which to base a claim for relief.

ERROR from the district court of Lancaster county. The opinion states the case.

*Cobb, Marquett & Moore*, for plaintiff in error, cited *Nycum v. McAllister*, 33 Iowa, 375. *Long v. Culp*, 14 Kan., 412. *Commissioners v. Chipman*, Id., 532.

*Brown, England & Brown*, for defendants in error, cited *Hunnewell v. Cass Co.*, 22 Wall., 464. *People v. Cohen*, 31 Cal., 210. *Gwynne v. Niswanger*, 15 Ohio, 367.

MAXWELL, J.

The plaintiff in his petition alleges, in substance, that ever since the first day of October, 1872, he has been the

owner in fee simple and has been in the peaceable posses-
sion of the east half of the southeast quarter, and the
southeast quarter of the southeast quarter of section
thirty-four, in township twelve, north of range eight, east
of sixth principal meridian.    That on the fourth day of
November, 1864, the plaintiff applied to the local land
office at Nebraska City to obtain title to the lands in
question, by virtue of the act of Congress approved May
20, 1862, entitled " An act to secure homesteads on
the public domain; " that plaintiff settled upon and im-
proved said lands, and has resided thereon from the fifth
day of April, 1865, to the eleventh day of October, 1871,
when plaintiff made final proof of settlement, residence
upon, and cultivation of said lands, and paid the fees and
commissions due the register and receiver of the local
land office for the entry of said tracts of land; that on
the first day of October, 1872, a patent was issued to the
plaintiff for said lands; that on or about the first day of
April, 1871, the assessor of Mill precinct, in Lancaster
county, assessed said lands for taxation, and on or about
the twelfth day of July, 1871, the county commissioners
of said county levied divers taxes on said tracts of land,
amounting in the aggregate to the sum of $25; that on
the thirty-first day of October, 1872, the treasurer of said
county sold said tracts of land for said taxes to one Ches-
ter.    The plaintiff alleges that the assessment of said
lands was void, because at the time of making the same
the legal and equitable title to said premises was in the
United States, and that said lands, therefore, were not
subject to taxation.    Wherefore, plaintiff prays for an
injunction, etc.

Was the plaintiff the owner of these lands at the time
of the assessment complained of?  We think he was.  It
is true he did not have the legal title.  But from his own
statement of the facts he had so far complied with the
provisions of the homestead law, by residing upon and

cultivating the land for more than five years, that he could complete his title at any time by making final proof and paying the fees required by law. The United States did not own these lands, but held them simply as a trustee, having no interest therein, except a mere special interest for the amount of unpaid fees. The plaintiff was the real owner and could not be deprived of the title, except through his own neglect. All lands owned by individuals or private corporations, not specifically exempted, are taxable. The design of the law is to make the burdens of taxation as nearly equal as possible by requiring all lands, subject to taxation, to be assessed yearly according to a uniform rule—the real value at the time of the assessment. "Taxation is an act of sovereignty to be performed, so far as it conveniently can be, with justice and equality to all. Exemptions, no matter how meritorious, are of grace, and must be strictly construed." *Crawford v. Burrel Township*, 53 Penn. State, 219.

In *Hagenbuck v. Reed*, 3 Neb., 17, this court held that school lands purchased from the state on credit were taxable, and in the case of *White v. The B. & M. R. R. Co.*, *ante*, page 393, it was held that lands donated to the company by the United States, of which they were in equity the owners, were taxable, notwithstanding the failure of the company to pay certain costs and charges required by law. He who seeks the interposition of a court of equity to restrain the collection of a tax on his real estate on account of its alleged illegality, must bring himself clearly within some recognized rule of equity jurisdiction; and he cannot be permitted to allege his own failure to perfect his title in a case like this, as a ground on which to base a claim for relief.

In our view of the law, a homestead is liable to taxation as soon as the owner has the right to make his final proof and complete his title. The tax, therefore, so far

as appears from the petition, was legally levied, and as this is the only question at issue, the judgment of the district court, dismissing the case, is affirmed.

DECREE ACCORDINGLY.