EGBERT, Appellant, v. BOND.

Division One, February 15, 1899.

Patent to Land: PROOF OF RESIDENCE: BY WHOM MADE: HUSBAND AND WIFE: TITLE IN HUSBAND.  Where a husband at the time he deserted his wife, has complied with all the requirements of the law relating to homesteading government land, so as to entitle him to a patent, upon making final proof of residence, cultivation, non-alienation and loyalty as required by section 2291, Revised Statutes United States, his equitable right to have the legal title vested in him by the government is complete, and he can not be deprived of his patent title by the fact that his deserted wife, or some other person, made the necessary proof for him.  But by whomsoever the proof was made, the title inures to his benefit.

`Appeal from Ozark Circuit Court.—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED (with directions).

WALTER A. PHIPPS and JAMES H. PRATT for appellant.

(1)  A certificate may be subject to bargain and sale, yet the United States can take care that the conveyance shall be to him who is in good faith its vendee.  The reception of the certificate of purchase as evidence of title may be regular and convenient as a rule of business, but it has not been adjudged to forbid or exclude proofs of the real and just rights of claimants.  Irvin v. Marshall, 20 How. 555.  (2)  The

legal title had not emanated from the United States at the date of the alleged divorce, and in addition to this the widow at most had only an inchoate right of dower. The law does not fix any earlier period for the consummation of an inchoate right of dower than the death of the husband. Hunt v. Thompson, 61 Mo. 148; Schuster v. Schuster, 93 Mo. 444; Gercke v. Gercke, 100 Mo. 237.

A. H. LIVINGSTON for respondent. '

(1) After Martha Cobb had made final proof and had received a final receipt, as the abandoned wife of Eli Cobb, the land was taxable under the laws of this State and she had as much right to sell and convey it, as if the patent had been duly issued. At least she had an equitable title which passed to respondent Bond, and the circuit court had jurisdiction to decree the legal title. Swisher v. Sensenderfer, 84 Mo. 104; Widdicombe v. Childers, 84 Mo. 382. (2) There can be no question that the equities were all in favor of Mrs. Martha Cobb. After the homestead was made, her husband deserts her—leaves her with a lot of little children, and takes another woman. Mrs. Cobb remains on the homestead with her children, and at the proper time makes final proof on the homestead as an abandoned wife, and secures a final receipt as such. Equities could not be stronger. The decree of the court was right. Sensenderfer v. Kemp, 83 Mo. 581. (3) The appellant is charged with notice of these facts; besides Mrs. Cobb and her grantee, respondent, were all the time in the actual possession. Swisher v. Sensenderfer, 84 Mo. 104; Widdicombe v. Childers, 84 Mo. 382.

WALTER A. PHIPPS and JAMES H. PRATT for appellant in reply.

(1) If Martha E. Cobb did, by reason of the wrongful issue to her by the Government land office of a final certificate, acquire for the time being an equitable interest in said

land, all such interest was cut off by the issuance of the patent to Eli Cobb, for a patent when issued relates back to the inception of the right of the patentee, so far as it may be necessary to cut off all intervening claimants. Railroad v. Gordon, 41 Mich. 420; Starks v. Starr, 6 Wall. 402; United States v. Freyburg, 32 Fed. Rep. 195. A patent for land carries the fee, and is the best title known to a court of law. Bagnell v. Broderick, 13 Pet. 450. And is conclusive in a court of law. West v. Cochran, 17 How. 403; Gaines v. Hale, 16 Ark. 25; Bledsoe v. Weill, 4 Bibb. 229. (2) It is not true that "after Martha E. Cobb had made final proof and had received a final receipt as the abandoned wife of Eli Cobb, that the land was taxable under the laws of the State of Missouri." Land becomes subject to the laws of the State in relation to taxation and to sale and conveyance for the non-payment of taxes, from the time a patent is issued thereon by the United States Government. Miller v. Donahue, 96 Wis. 498; Wilcox v. Jackson, 13 Pet. 516.

BRACE, P. J.—This is an action in ejectment in common form to recover a one hundred and twenty acre tract of land in Ozark county. The case was tried by the court without a jury, the issues found for the defendant, and from the judgment in his favor the plaintiff appeals.

In support of her claim the plaintiff introduced in evidence a patent from the United States dated September 2, 1892, to one Eli Cobb, for the land in question, and it was admitted that the plaintiff has a deed to the premises from said Cobb and that she purchased the same for a valuable consideration. It was also admitted that the defendant has a deed to the premises from Martha E. Cobb, the divorced wife of the said Eli Cobb. The patent was issued to Cobb on deposit of a certificate of the register of the land office at Springfield, showing that his claim to said land had been established and consummated under the homestead laws of the United States. The original entry seems to have been made in 1884. The

defendant to maintain his claim and defense under the deed from Mrs. Cobb, introduced evidence tending to prove that the said Cobb, with his said wife and their children, continued to live together on said tract of land, improving and cultivating the same, from the time of the original entry until about the fourth of July, 1890, when he deserted his family and went off with another woman; that Mrs. Cobb, continuing to reside on the premises with her children thereafter, on or about the first of October, 1890, made final proof, as the deserted wife of the said Eli Cobb, on his entry, and received a receipt for such proof. That she afterwards obtained a divorce from the said Cobb, sold the land to the defendant, and executed a deed to him therefor, under which he went into, and since has continued in the possession thereof. Neither of the two deeds, the decree of divorce, or the receipt referred to are set out in the record, and we are not advised further than as stated, as to their character or contents. We fail to find in the facts proven any defense to plaintiff's cause of action, on her legal title. The United States statute in regard to homestead entries, after prescribing the conditions upon which the head of a family may, upon making the required affidavit, enter unappropriated public lands, provides "that no certificate shall be given or patent issued therefor until the expiration of five years from the date of such entry, and if at the expiration of such time, or at any time within two years thereafter, the person making such entry, or if he be dead, his widow, or in case of her death his heirs or devisees, . . . . . . . proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated except as provided in section twenty-two hundred and eighty-eight, and that he, she, or they will bear true allegiance to the government of the United States, then in such case he, she, or they, if at that time citizens of the United States, shall be entitled to a

patent, as in other cases provided by law." R. S. U. S. 1878, sec. 2291.

The evidence tends to prove that Eli Cobb at the time he left his wife had complied with all the requirements of the law so as to entitle him to a patent upon making final proof of residence, cultivation, non-alienation and loyalty as required by this statute. His equitable right to have the legal title vested in him by the government was complete, and he could not be deprived of it by his deserted wife or any other person making this proof for him. By whomsoever made, it inured to his benefit, and the government so recognizing his right, the patent was issued to him, thus vesting in him the whole title, both legal and equitable, which passed by his deed to the plaintiff, who should have had judgment, as there was no evidence tending to show that this title was ever in any way transmitted to his wife under whom the defendant claims. The judgment will therefore be reversed and the cause remanded to be proceeded with in accordance with this opinion. All concur.