(November 9, 1899.)

## KNEEN v. HALIN.

[59 Pac. 14.]

PURCHASE PRICE MORTGAGE—SIGNING BY WIFE—COMMUNITY PROPERTY.
Where H. made settlement upon the public domain subject to the
pre-emption laws of the United States, and made pre-emption fil-
ing for the same and resided thereon, with his wife, and there-
after, while so residing thereon with his said wife, he borrowed
money of K. with which to pay the government price for said
land, and executed a mortgáge to secure the payment of the same
to K., and thereafter, on the same day, made his final proof for
said land and paid the government price therefor from the money
so borrowed, said mortgage is a purchase price mortgage, and is
a valid lien on said land, whether signed by the wife or not, and
is prior to any right she may have to said land, as community
property, by reason of having resided thereon at the date of the
execution of said mortgage. The term "price of real property,"
as used in section 3336 of the Revised Statutes, is the money paid
for real property or the debt created by the purchase thereof.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

S. S. Denning, for Appellant.

We contend that we have a purchase money mortgage, which
under the common law and our statutes, is given preference over
all other claims or liens on the land, even over dower, home-
stead or community property rights. (See Idaho Rev. Stats.,
sec. 3336; Smith on Homesteads and Exemptions, secs. 215, 216,
221; 4 Kent's Commentaries, 38, 39; 1 Jones on Mortgages,
secs. 464, 466, 467; 28 Am. & Eng. Ency. of Law, 166-174;
19 Am. & Eng. Ency. of Law, 580, 581, and footnote 2.)

George W. Goode, for Respondents, cites no authorities upon
the point decided by the court.

SULLIVAN, J.—This is an action to foreclose a mortgage
on one hundred and sixty acres of land situated in Latah county.
The case was submitted to the trial court upon an agreed stipu-
lation of facts, and judgment went in favor of the defendants,
who are respondents here. The appeal is from the judgment
and order denying a new trial.

The stipulated facts are substantially as follows: In February, 1891, the defendants, husband and wife, resided upon the one hundred and sixty acres of land described in the complaint, upon which the husband had previously made a pre-emption filing under the laws of the United States. That on the twenty-seventh day of said month, the defendant Gustav J. Halin borrowed from the appellant $250, and gave his promissory note, secured by mortgage on said land. The wife did not join in either the note or mortgage. Said money was borrowed with the express agreement that it should be used in payment to the government for the purchase price of said land, and that stipulation as recited in the mortgage is as follows: "This loan is made for the purpose of paying the United States government for the within described tract of land." It is also stipulated that said defendant did make his final proof for said land, and that the money so borrowed was used in paying the government price therefor, to wit, one dollar and twenty-five cents per acre, amounting to $200, and that the balance of the money so borrowed was used in payment of land office expenses and witnesses' expenses incurred in making said final proof. The defense to this action is based on the grounds that the respondents, who were husband and wife, were residing upon said land at the date of the execution of said mortgage by the husband, and that the wife did not join in the execution of said mortgage. Respondents rely upon the provisions of section 2921 of the Revised Statutes, which section is as follows: "No estate in the homestead of a married person, or in any part of the community property occupied as a residence by a married person can be conveyed or encumbered by act of the party, unless both husband and wife join in the execution of the instrument by which it is so conveyed or encumbered, and it be acknowledged by the wife as provided in chapter 3 of this title." It is contended that said one hundred and sixty acres of land was community property. If it was community property at the date said mortgage was executed, the mortgage created no lien on the land.

The first question to be determined, then, is, Was said real estate community property at the date of the execution of said

mortgage? It is admitted, that respondents were residing on said land when said mortgage was executed. It is admitted that respondent Gustav J. Halin made his pre-emption filing for said land at the proper United States land office, and thereafter established his residence, with his said wife, upon said land; that the time arrived for him to make his final proof for said land, and pay the government price therefor, which was $200. The government was the owner of and held the title to said land until said final proof was made, and the price paid therefor. Title to public lands subject to pre-emption could only be acquired by a full compliance with the pre-emption laws of Congress as to settlement, residence, improvements, final proof and payment of the government price therefor. All of these acts must be done before the claimant could get or legally demand title from the government. In the case at bar, before the claimant made his final proof, and paid for said land, he had mortgaged it to the appellant for the express purpose of procuring the purchase money to be paid the government, and expenses connected with making final proof for said land. While it is true the defendant Halin had an inchoate right in said land after his filing for and settlement on said land so long as he complied with the pre-emption laws of Congress, yet such right did not ripen into a title until the last requirements of said laws had been complied with, to wit, making final proof and payment of money. He did not own said land until said proof and payment were made, and the community could not own it before that time. Hence, we conclude that said real estate was not community property at the time said mortgage was executed, and the mortgage lien is prior to any right of the wife. The mortgage was executed on the twenty-seventh day of February, 1891, and thereafter, on that day, Halin made his final proof for said land, and paid for the same out of the money so borrowed. Under the laws of this state all property acquired by the husband after marriage, except that acquired by gift, bequest, devise or descent, is community property. (See Rev. Stats., secs. 2496, 2497.) A mortgage given by the husband for the purchase price of real estate has priority over any statutory right of the wife in such real estate. Section 3336 of the Re-

vised Statutes provides that: "A mortgage given for the price of real property at the time of the conveyance has priority over all other liens created against the purchaser subject to the operation of the recording laws." Said real property was not community property at the date of the execution of said mortgage, and the mortgage lien is prior to any right of the wife acquired by reason of its becoming community property thereafter. It became community property subject to the lien of said purchase price mortgage. But it is urged that the appellant was not the vendor, and therefore could not have a purchase money mortgage on said land; in other words, no one but a vendor can have a purchase money mortgage. In support of that proposition counsel for respondents cites *Austin v. Underwood* 37 Ill. 439, 87 Am. Dec. 254. In that case the term "purchase money" is defined as meaning "money paid for land or the debt created by the purchase." It is also held in that case that where a party purchases land adjoining a homestead, to be used as a part thereof, and procures the purchase money of a third person as a loan to the purchaser, the money thus paid by the lender will be regarded as purchase money of the land as against the homestead claim of the purchaser. It is stated in the notes to section 2898 of the Civil Code of California (which section is the same as section 3336 of the Revised Statutes above quoted), as follows: "This rule applies even where the mortgage is made to a third person, who, as a part of the same transaction, advances the purchase money." Numerous authorities are then cited sustaining the rule there announced. (See, also, 4 Kent's Commentaries, 39; Smith on Homesteads, secs. 218, 221.) In 1 Jones on Mortgages, section 464, *inter alia,* it is stated as follows: "A purchase money mortgage is good and effectual against the wife of the mortgagor without her joining in the execution of it"—and that this rule applies even where the mortgage is made to a third person. (See, also, *Prout v. Burke,* 51 Neb. 24, 70 N. W. 512.) The judgment of the court below is reversed, and the cause remanded, with instructions to proceed in accordance with the views expressed in this opinion. Costs of this appeal are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.