SEABORN S. DALE ET AL. *v.* HENRY T. GRIFFITH.

[46 South. 543.]

PUBLIC LANDS. *United States homestead entry. Final proof. Deeds by homesteader before. Vested rights. Effect.*

A duly executed and recorded deed, purporting to convey his homestead, made by a government homestead entryman, after five years residence on the land and the making of final proof as required by statute (Rev. Stat. U. S. § 2291) but before forwarding the same to the land office, invests the grantee with a title thereto as against the grantor and those holding under him by deed subsequently executed after the entryman had forwarded his proof to, and received his final receipt from, the land office.

FROM the chancery court of Jefferson Davis county.

HON. G. GARLAND LYELL, Chancellor.

Dale and others, appellants, members of a copartnership doing business under firm name, S. S. Dale & Sons, were complainants in the court below; Griffith, appellee, was defendant there. From a decree in defendant's favor the complainants appealed to the supreme court.

Appellants instituted suit in the chancery court to cancel appellee's title to the land in controversy and for possession of the property. The record discloses the following facts: Burke Hall entered the land in controversy from the United States government as a homestead on August 16, 1893, and complied with all the requirements of law, acting in good faith as a homesteader. On November 17, 1899, he gave notice by publication that he would make final proof of homestead entry before a designated, proper official, as commissioner, on December 29, 1899. The entryman, Hall, appeared on that date and made his proof, which in all respects complied with the requirements of law, but did not pay the necessary fees to have the same forwarded to the United States land office. Later, on March 18, 1902, Hall again gave notice of his intention to make final proof, and on April

29, 1902, final proof was made, the required fee paid, and the proof forwarded to the register of the United States land office, and Hall received a final receipt from the land office.   On November 30, 1901, after making the first proof which was not forwarded, but before the second making of proof which was forwarded to the land office, Hall and his wife sold the land to appellee, Griffith, for a valuable consideration.   The deed to Griffith, a general warranty, was recorded in the record of deeds of the county, December 9, 1901.   It was an admitted fact in the case that Griffith knew of the notice so to do and of the taking of proof, December 29, 1899, and believed the same had been properly made and forwarded to the land office, and that he acted in perfect good faith. On January 1, 1902, Griffith leased the land, the lease being evidenced by a written contract to Hall for the year 1902.   On September 29, 1903, Hall and wife executed a deed of trust in favor of appellants, Dale & Sons, conveying the same land in trust to secure an indebtedness owing by Hall to them, and on January 6, 1905, Hall and wife executed a second deed of trust to secure the same debt.   Thereafter, on August 4, 1906, the trustee in said deeds of trust, the debt remaining unpaid, advertised and sold the land in satisfaction of the debt due Dale & Sons, appellants, and at said sale they became the purchasers.   It was an admitted fact in the case that Burke Hall was in possession of the land at the time it was sold by the trustee, and that appellants had no knowledge of his lease from Griffith.

*Livingston & Cowart,* for appellants.

In the case of *Hartman v. Butterfield Lumber Co.,* 199 U. S. 355, the supreme court of the United States laid down the rule that when patent passes to a patentee, the land is then absolutely his to do with as he pleases, regardless of any alienations or promises or alienation he made prior to obtaining patent.

If, after receiving patent, the patentee choose to confirm and make good an alienation already made, then he has a right to do

·so, but if he chooses otherwise, he has a right to exercise the ·choice.

Any other conveyance or any contract to convey land home-.steaded, made before final proof and receipt of final certificate is void, and not merely voidable, even though founded on an adequate consideration, and a court of equity is without power to give relief. *Anderson v. Carkins,* 135 U. S. 483; *Mulloy v. ·Cook,* 17 South. 899; *Johnson v. Collins,* 12 Ala. 322; *Milliken v. Carmichael,* 33 South. 9; *Orrell v. Bay Mfg. Co.,* 83 Miss. ·800, 36 South. 561; 6 Fed. Stat. Annotated, 516, § 2288.

There is nothing clearer than that the title to the land in controversy was in the United States government until the 29th day of April, 1902, and under the former decisions of this court in ·cases like the one at bar, the entryman of this land could not alienate any part thereof except for the specific purposes laid down in the law. "Any *bona fide* settler under the pre-emption homestead, or other settlement law shall have the right to transfer, by warranty against his own acts, any portion of his claim ·for church, cemetery, or school purposes, or for the right of way of railroads, canals, reservoirs, or ditches for irrigation or drainage across it."

Before an entryman can make final proof and obtain final pat-·ent he, with two credible witnesses, must make affidavit that he has resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit, ·and make affidavit that no part of the land has been alienated, except as provided under section 2288, just referred to.    6 Fed Stat. Annotated, 292, § 2291.    Now certainly appellee will not contend that Hall as well as two other persons did not make such an affidavit when they appeared and made final proof on the 29th day of April, 1902.    This could have been ·nothing short of perjury and is and was therefore contrary to public policy.    Hence the conveyance made by Hall and wife ·to appellee, before final proof was in derogation of this statute ·and was, therefore null and void, in that they alienated not a

part of the timber but the land in controversy.   Any contract made in derogation of a statute is null and void.   *Bohn v. Lowery,* 77 Miss. 424, 27 South. 604.

The doctrine of estoppel does not apply to appellants, as it did to Anderson in the case of *Anderson v. Wilder,* 83 Miss. 606, 35 South. 875, for the reason that there the timber was conveyed, here the land, there Anderson had notice of the timber conveyance, here appelants had no notice whatever that the land in controversy had been conveyed, and no title afterwards obtained by the grantors, Hall and wife, could inure to appellee and make it valid; the deed being void as against public policy under the federal statute.

The proof made by the entryman on the 29th day of December, 1899, was not legal proof at all.   It is true proof was made before the chancery clerk of Lawrence county, but the fee therefor was not paid, the proof remained in said office until the 29th day of April, 1902, without any lawful excuse whatever and so far as we know that proof is in that office yet.   We do know that final certificate or receipt was not issued on that proof at all, but upon the proof made on the 29th day of April, 1902.

*G. Wood Magee,* for appellee.

The deed made to appellee by the entryman was not void. It was made after the expiration of five years from the date of the original entry and the entryman had in all respects complied with the law, and therefore at the time he made the deed he had such an interest in the land as he could convey by warranty deed or otherwise.

"Under the United States homestead laws, and by his compliance with them a person entering a homestead, or in case of his death, his widow, or in case both are dead, his heirs or devisees, obtain a vested right to the homestead at the expiration of five years from the entry thereof; and upon making the proper proof, is entitled to a patent for the land from the United States. *Newkirk v. Marshall,* 35 Kan. 77.   Section 2291 of

the revised statutes of the United States contains no expressed prohibition of alienation and provides no forfeiture in case of alienation. However, the homestead right cannot be perfected after alienation or contract of alienation without perjury by homesteader. *Anderson v. Carkins,* 135 U. S. 483; 6 Fed. Stat. Annotated, § 2291.

Code 1906, § 2287, and Code 1892, § 2457, makes all conveyances properly of record notice to subsequent purchasers.

There is no statute directing how far back on the record one must go in tracing title, therefore a subsequent purchaser is bound to examine the whole record.

MAYES, J., delivered the opinion of the court.

In the case of *Newkirk v. Marshall,* 35 Kan. 77, 10 Pac. 571, it is held that: "Under the United States homestead laws, and by a compliance with them, a person entering a homestead, or in case of his death, his widow, or in case of the death of both, his heirs or devisees, obtain a vested right in the homestead at the expiration of five years from the entry thereof, and upon making proper proof are entitled to a patent for the land from the United States; and as soon as a person is entitled to a patent, although it may not yet have been issued, and may not be issued for years, he or she may contract and be contracted with concerning the land, or sell it or convey the same, precisely the same as though the patent had already been issued. Equity, in order to do justice and to protect the rights of parties and to prevent frauds, will generally consider that as having been done which ought to be done; and in order to protect the rights of all parties, where a patent is due, but has not yet been issued, equity will consider such rights precisely the same as though the patent had in fact been issued on the very first day on which it ought to have been issued."

This case falls precisely within the rule laid down above. The final proof was made on the 29th day of December, 1899, after five years' residence and before the expiration of seven years,

.such being the requirement of section 2291, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1390). The proof was not forwarded because of a failure to pay the necessary fees; but on that date the proof entitling Burke Hall to the patent was made, and his right became a vested right. On the 30th day of November, 1901, nearly two years after making final proof, but before same had been forwarded, the land was sold to H. T. Griffith, and his deed to same duly recorded. Burke Hall had a perfect right under the facts of this case, to sell to Griffith, and if he had the right to sell Griffith could protect his title by recording same in the manner required by law, and, having done so it was notice to the world. It would be absurd to hold that the sale of the land in question was a valid sale, and yet hold that the purchaser had no way to protect his title. When Griffith recorded his deed it was notice to the world. The case of *Bernardy v. Colonial Mortgage Company,* 17 S. D. 637, 98 N. W. 166, 106 Am. St. Rep. 791, is directly in point.

*Affirmed.*