FULBINA ADAM, Otherwise Known as Phillipina Adam, and Nikolaus Adam, Her Husband, v. W. D. McCLINTOCK, D. D. Jenkins, Merchants Bank of Rugby, North Dakota, a Corporation.

(131 N. W. 394.)

**Public Lands — Property Subject to Mortgages — Homestead — Mortgage of Unperfected Entry — Bankruptcy.**

1. Plaintiff, an unmarried woman, executed a mortgage on land held by her under homestead entry, on which homestead she was residing; the mortgage immediately recorded secured the payment to defendants of her father's debt. She thereafter married her coplaintiff herein; they resided together on the land, and claimed the same as exempt as a homestead under the state laws; the wife mortgagor files her schedules in bankruptcy, in which she lists the debt, mortgage, and all covenants therein, of which defendants had notice; said proceedings were regular and resulted in plaintiff's discharge in bankruptcy of all provable debts so dischargeable; in such proceedings she claimed her homestead as exempt under the state homestead laws, and the same was set apart to her as such. After such discharge, she makes final proof on her homestead, based on five years' residence, cultivation, and improvement, on which proof, patent was delivered to her for the land so homesteaded. She, with her husband, then instituted this action, asking that the mortgage be adjudged invalid, alleging its invalidity, that the homestead exemption defeated the mortgage, and that the discharge in bankruptcy discharged the debt and mortgage. *Held*, that the mortgage is a valid lien on the land, and foreclosure ordered.

Note.—It is very generally held that the sections of the homestead laws providing that the land shall not be liable for debts incurred prior to the issuance of a patent are for the benefit of the homesteader, and that the law does not prevent a voluntary subjection of the land as security for debts created prior to the patent. And the decision in ADAM v. McCLINTOCK, sustaining the validity of a mortgage upon public lands, executed by a claimant under the homestead acts, although made prior to patent or final proof, is in harmony with the weight of authority, as shown by a note in 6 L.R.A.(N.S.) 934, and a note in 52 Am. St. Rep. 252. The cases, however, are not entirely harmonious as to the time when the mortgage may be executed, some holding that a mortgage given by the homesteader after he has done everything necessary to entitle him to a patent is valid, although the patent has not yet been issued, but that a mortgage executed prior to the patent is void; while others hold that a mortgage made by a homesteader, even prior to his right to file final proof, is valid.

**Public Lands — Homestead — Mortgage of Unperfected Entry — After-acquired Title.**

2. Under § 6155 of the North Dakota Revised Codes of 1905, the title, after acquired by patent to the homesteader, inures to the mortgagee as of the date of the execution and delivery of the mortgage.

**Public Lands — Mortgage of Government Homestead — Estoppel.**

3. The mortgagor, by reason of the covenants and recitals contained in the mortgage, is estopped to deny its validity.

**Public Lands — Recording Transfers — Notice.**

4. The recording of a mortgage in the office of the register of deeds of the county in which the land is situated, prior to final proof on the land so mortgaged, operates as constructive notice to the same effect as though the mortgage had been executed and recorded after the recording of the patent.

**Homestead Exemption — After-acquired Title — Mortgage.**

5. The homestead exemption to the family is dependent upon the mortgagor's title, and that is subject to the prior-acquired lien of the mortgage, and the mortgage is not affected by the homestead exemption.

**Bankruptcy — Effect on Mortgage Lien.**

6. As plaintiff, mortgagor, had resided six and one-half years on the tract, prior to the institution of bankruptcy proceedings, she had the full, vested, equitable title to the land homesteaded, to which the mortgage attached before bankruptcy.

**Bankruptcy — Mortgage on Homestead — Effect.**

7. The bankruptcy proceedings in no wise affected the lien of the mortgage.

Opinion filed March 10, 1911. Rehearing denied May 5, 1911.

Appeal from District Court, Pierce county, *Burr,* Judge.

Suit by Fulbina Adam and another against W. D. McClintock and others, to quiet title to certain land as against a mortgage held by defendants. From a judgment for plaintiffs, defendants appeal.

Reversed.

*Paul Campbell,* for appellants.

Mortgage on public domain is good when title becomes perfected in the entryman. Rogers v. Minneapolis Mach. Co. 48 Wash. 19, 92 Pac. 774, 95 Pac. 1014; Norris v. Heald, 12 Mont. 282, 33 Am. St. Rep. 581, 29 Pac. 1121; 27 Cyc. 1038; Stewart v. Powers, 98 Cal. 514, 33 Pac. 486; Yerkes v. Hadley, 5 Dak. 324, 2 L.R.A. 363, 40 N. W. 340, 24 Am. & Eng. Enc. Law, 2d ed. 234, 235; Orr v. Stewart, 67 Cal. 275, 7 Pac. 693; 24 Am. & Eng. Enc. Law, 2d ed 406, 407, 411–413; 32 Cyc. 1075, 1084.

Bankruptcy does not affect a lien by mortgage or otherwise. Loveland, Bankr. 822, 823; 27 Cyc. 1405; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703; Paxton v. Scott, 66 Neb. 385, 92 N. W. 611; 5 Cyc. 364–366.

Where entryman has earned patent by residence and cultivation, although final proof was not made, the lien attached, and was not affected by bankruptcy proceedings. Dale v. Griffith, 93 Miss. 573, 136 Am. St. Rep. 546, 46 So. 543; 27 Cyc. 1034, 1036–1038, 1040, 1139, 1168; 32 Cyc. 1066–1068, 1070–1076.

*Butler Lamb,* for respondent.

Bankruptcy discharge exempts a mortgagor from having his mortgage attach to after-acquired land. Fleitas v. Richardson, 147 U. S. 550, 37 L. ed. 276, 13 Sup. Ct. Rep. 495; 5 Cyc. 398; Wolf v. Stix, 99 U. S. 8, 25 L. ed. 313; Irons v. Manufacturers' Nat. Bank, 17 Fed. 314; Carey v. Mayer, 25 C. C. A. 239, 51 U. S. App. 190, 79 Fed. 929; Heywood v. Shreve, 44 N. J. L. 101, 102; Cobb v. Overman, 54 L.R.A. 369, 48 C. C. A. 223, 109 Fed. 65.

Covenants in a mortgage on public domain do not run with the land until final proof perfects title. Re West, 128 Fed. 205; Re Home Discount Co. 147 Fed. 538; Leitch v. Northern P. R. Co. 95 Minn. 35, 103 N. W. 704, 5 A. & E. Ann. Cas. 63.

To inure to mortgagee, after-acquired title must be obtained in same capacity as when mortgaged. Dye v. Cook, 88 Tenn. 275, 17 Am. St. Rep. 882, 12 S. W. 631; Woodward v. People's Nat. Bank, 2 Colo. App. 369, 31 Pac. 184; Dewhurst v. Wright, 29 Fla. 233, 10 So. 682.

Estoppel cannot work against one spouse, if the other does not sign mortgage. 9 A. & E. Ann. Cas. 14; Chopin v. Runte, 75 Wis. 361, 44 N. W. 258; France v. Bell, 52 Neb. 57, 71 N. W. 984.

Goss, J. This action comes to this court upon an appeal by defendants from a judgment entered against them in favor of the plaintiffs by the district court of Pierce county; the judgment as entered quieted title in plaintiffs to the land involved. From this judgment, defendants appeal.

On trial the facts were stipulated, and are summarized into the following statement: Fulbina Adam, before her marriage, made homestead entry upon 160 acres of land in Pierce county, in 1901, establishing her residence thereon soon afterwards. On November 7, 1902,

to secure her father's pre-existing debts to the defendants, evidenced by promissory notes aggregating $280, and accrued interest due in 1903, plaintiff executed and delivered to defendants her mortgage in writing, duly acknowledged by her, covering her unproved government homestead, and running to defendants as mortgagees. The mortgage contained the usual covenants of title, ownership, right of possession, quiet enjoyment, right to convey, and against encumbrances. It also covenanted to pay the debts purported to be so secured. This mortgage was recorded in the office of the register of deeds on the day it was given. Plaintiff, Fulbina Adam, did not sign the notes secured by the mortgage, and the debts evidenced by said notes were not her debts. The mortgage was executed in her maiden name, Fulbina Baumstark. Her father, since deceased, had previously executed the notes secured, and he joined in the mortgage, which covered other lands in which he had some interest. Thereafter, in August, 1903, these plaintiffs intermarried, and ever since have been and now are husband and wife. Immediately on their marriage, they moved upon the unproven homestead held under homestead entry of the wife, and have even since resided thereon. The husband plaintiff, since the marriage, has placed improvements upon the wife's homestead to the value of $500, and has had the complete control, charge, and use of said premises. Since their marriage three children have been born to plaintiffs, and the tract has always been claimed as exempt under the state homestead law, from levy under execution, and is of a value of less than $5,000. That, at the time Fulbina Baumstark executed and delivered the mortgage aforesaid, Nikolaus Adam was not present. He had no notice of the existence of said mortgage until after final proof had been made on said land, and he is in no way liable for the indebtedness mentioned in the mortgage.

On June 29, 1908, Fulbina Adam filed her duly verified schedules in bankruptcy in the United States district court, and was then duly adjudged a bankrupt upon proper motion and order; that her schedules in bankruptcy listed and set forth the indebtedness and mortgage signed by her, heretofore mentioned, and in addition thereto she duly scheduled and listed all estoppels against her, contained in the warranties and covenants of said mortgage; that in said schedules she claimed as exempt to her the homestead premises, both under the homestead laws of the state of North Dakota and under the government homestead law, and that

said land was by the court set apart to her as homestead property and as exempt, as claimed in her schedules. It is further stipulated that said proceedings were in all things regularly conducted before said bankruptcy court, and as a result Fulbina Adam was duly adjudged a bankrupt under the laws of Congress relating to bankruptcy; that she conformed to all the requirements of the bankruptcy laws in that behalf, and was, on September 24, 1908, after due notice had been given, as by such laws required, to all parties entitled thereto, including the defendants herein, discharged from all debts and claims which are made provable by the United States bankruptcy acts against her estate, and which existed on June 29, 1908, the day the petition for adjudication in bankruptcy was filed by her; the decree in bankruptcy, however, excepted such debts from its operation as are excepted by law from discharge in bankruptcy.

It is further stipulated that on October 15, 1908, Fulbina Adam made final proof for said land under her homestead entry of seven years before, based on residence on such land,—not commutation proof,—and that her final proof was duly accepted by the Department of the Interior, and that title has passed on said final proof by patent from the United States to her, Fulbina Adam, prior to the commencement of this action. That said proof was paid for by her husband and coplaintiff, Nikolaus Adam, and that, at the date of said proof and long previous thereto, and at the time that title passed from the United States government for said land to Fulbina Adam and previous thereto, this plaintiff, Nikolaus Adam, claimed homestead rights in and to said land under the state laws, and was living thereon with his wife, Fulbina Adam, and had all such homestead rights as are so allowed by law.

The foregoing facts are the stipulated facts before the court. The pleadings are in the usual form, the husband and wife, plaintiffs, asking that title be quieted in them, to the effect that the mortgage be declared no lien upon the land, and be adjudged void and canceled of record. Defendants, answering, recite their mortgage, default in payment thereof, the usual statutory recitals, and ask judgment for sale of the land under foreclosure, to collect the debt so secured. The trial court made findings of fact establishing the facts stipulated, and ordering judgment thereon as prayed for by plaintiffs, declaring defendant's adverse claims under the mortgage to be void, discharged, and a mere cloud on the title to said land.

This case presents many interesting questions for decision, among them (1) the validity of the mortgage given on the unproven government homestead of the wife plaintiff prior to her marriage; (2) the effect, if any, of the adjudication and discharge in bankruptcy upon the mortgage; and (3) whether the husband's homestead exemption or rights thereunder in and to the land under our state laws affect any rights the mortgagees may have under the mortgage given by the wife before marriage. On the decision of these questions turns the case.

Under the statement of facts, the entrywoman, plaintiff, executed the mortgage in question the year following her homestead entry upon the land, October 22, 1901. When she filed her schedules in bankruptcy, and was adjudged a bankrupt on June 29, 1908, she had resided upon said land for over five years, in fact over six and one-half years, and thereafter, on October 15, 1908 she made final proof, and the same was accepted and a United States patent based on such residence and improvements was issued and delivered to her prior to the commencement of this action. She was an unmarried woman when she made homestead entry, and also at the time she mortgaged her homestead, the date of her marriage being August 15, 1903.

Was her mortgage valid when executed, considering the fact that legal title to the land was then in the United States government? The later authorities are unanimous that an entryman on government lands, holding the same under the homestead laws, may give a valid mortgage thereon, and that, regardless of the fact that legal title has not been conveyed by the government to the homesteader. Nor does the statute, U. S. Rev. Stat. § 2296, U. S. Comp. Stat. 1901, p. 1398, to the effect that no land so held shall in any event become liable to the satisfaction of any debt contracted before final proof, invalidate a mortgage voluntarily given on land so held.

An entryman acquires by homestead entry the right of possession, use, and occupancy of the land homesteaded, subject to the fulfilment by him of the Federal law requiring his residence upon, and cultivation and improvement of, the land so held. And upon his compliance with the law in such particulars for the period of five years from and after his homestead entry, the inchoate right to legal title becomes in fact a full equitable title to the land so homesteaded. Such equitable title, however, on final proof of his compliance with the homestead law, when made through the proper channels provided for by the Federal govern-

ment, is merged in the government patent to the land, which patent is issued upon the approval of the final proof, and as the last act necessary to be performed to transfer the legal title to the entryman. This act of executing and delivering the patent is held to be but a ministerial act. The foregoing describes the legal status of the homesteader's rights from the inception of his rights by homestead entry, until legal title is vested in him by the government patent to the land homesteaded.

At no stage of these proceedings, up until the homesteader has fully complied with the homestead act by residence upon, cultivation and improvement of, his homestead for the full period of five years, has he the full equitable title to the land homesteaded; but upon the expiration of such time, and upon such compliance with the law, he has the full equitable title to his homestead land, subject only to the defeasance by his death before final proof, or failure to make final proof, as provided by law. The act of final proof is not a part of the requirement of the Federal homestead statute, but is merely proof of the fact of his compliance with that statute. The government is informed of such compliance by such proof, and thereupon, as a purely ministerial act, issues its grant by patent to the homesteader. The full equitable title is in the homesteader as completely immediately after the five years' compliance with the law, and up to the time of final proof, as it is after the final act of making the proof and prior to the issuance of patent. From the date of homestead entry until the completion of the five years' requirement of residence, cultivation, and improvement, the inchoate right of the entryman is gradually being developed, until the same becomes in fact a vested equitable title at the end of such five-year period.

The following authorities, practically covering that portion of the United States where the public domain has been disposed of by virtue of the homestead law, expressly hold in accordance with the foregoing, that mortgages are valid given by the entryman on unproven homestead entry land, and that the equitable ownership of the land embraced in the homestead entry is in the entryman, and ripens into legal title as above set forth. The earlier United States decisions were to the effect that a mortgage was a conveyance within the provisions of §§ 2262 and 2296 of the U. S. Rev. Stat., and therefore void. These early Federal decisions were followed by the early decisions in Kansas, California, and Minnesota. Such holding, however, has been overruled in all of

those jurisdictions, as will be noticed from the following later authorities:

Bogan v. Edinburgh American Land Mortg. Co. 11 C. C. A. 128, 27 U. S. App. 346, 63 Fed. 192; Norris v. Heald, 12 Mont. 282, 33 Am. St. Rep. 581, 29 Pac. 1121; Gilbert v. McDonald, 94 Minn. 289, 110 Am. St. Rep. 368, 102 N. W. 712; Lang v. Morey, 40 Minn. 396, 12 Am. St. Rep. 748, 42 N. W. 88; Weber v. Laidler, 26 Wash. 144, 90 Am. St. Rep. 726, 66 Pac. 400; Forker v. Henry, 21 Wash. 235, 57 Pac. 811; Brazee v. Schofield, 2 Wash. Terr. 209, 3 Pac. 265; Rogers v. Minneapolis Mach. Co. 48 Wash. 19, 92 Pac. 774, 95 Pac. 1014; Dale v. Griffith, 93 Miss. 573, 136 Am. St. Rep. 546, 46 So. 543; Stewart v. Powers, 98 Cal. 514, 33 Pac. 486; Kirkaldie v. Larrabee, 31 Cal. 456, 89 Am. Dec. 205; Christy v. Dana, 34 Cal. 548, and Christy v. Dana, 42 Cal. 174; Kneen v. Halin, 6 Idaho, 621, 59 Pac. 14; Camp v. Grider, 62 Cal. 20; Whitney v. Buchman, 13 Cal. 536; Orr v. Stewart, 67 Cal. 275, 7 Pac. 693; Pioneer Land Co. v. Maddux, 109 Cal. 633, 50 Am. St. Rep. 67, 42 Pac. 295; Fuller v. Hunt, 48 Iowa, 163; Spiess v. Newberg, 71 Wis. 279, 5 Am. St. Rep. 211, 37 N. W. 417; Jones v. Yoakam, 5 Neb. 265; Bellinger v. White, 5 Neb. 399; Stark v. Duvall, 7 Okla. 213, 54 Pac. 453; Wilcox v. John, 21 Colo. 367, 52 Am. St. Rep. 246, 40 Pac. 880; Hubbard v. Mulligan, 13 Colo. App. 116, 57 Pac. 738; Dickerson v. Bridges, 147 Mo. 235, 48 S. W. 825; Atchison, T. & S. F. R. Co. v. Pracht, 30 Kan. 66, 1 Pac. 319; Newkirk v. Marshall, 35 Kan. 77, 10 Pac. 571; Schneider v. Hutchinson, 76 Am. St. Rep. 480, and note, 35 Or. 253, 57 Pac. 324; Barnady v. Colonial & U. S. Mortg. Co. 17 S. D. 637, 106 Am. St. Rep. 791, 98 N. W. 166; Larson v. Weisbecker, 1 Land Dec. 409; Re Ray, 6 Land Dec. 340; Haling v. Eddy, 9 Land Dec. 337.

That the land is earned after five years' compliance with law without further act, and the vested equitable title is then in the entryman, see Newkirk v. Marshall, 35 Kan. 77, 10 Pac. 571; Bogen v. Edinburgh American Land Mortg. Co. 11 C. C. A. 128, 27 U. S. App. 346, 63 Fed. 192; United States v. Breyberg, 32 Fed. 195; Pioneer Land Co. v. Maddux, 109 Cal. 633, 50 Am. St. Rep. 67, 42 Pac. 295; see note in 79 Am. St. Rep. 916; Stark v. Starr, 6 Wall. 402, 18 L. ed. 925; Barney v. Dolph, 97 U. S. 652, 24 L. ed. 1063; Kneen v. Halin, 6 Idaho, 621, 59 Pac. 14; Egbert v. Bond, 148 Mo. 19, 49 S. W. 873;

Dale v. Griffith, 93 Miss. 573, 136 Am. St. Rep. 546, 46 So. 543; Bellinger v. White, 5 Neb. 399.

That the final proof is no part of the consideration, but merely evidence to satisfy the government that the right of the grantee is perfect, that he has complied with the homestead laws, and is entitled to patent, the issuing of which is but a ministerial act, see Brazee v. Schofield, 2 Wash. Terr. 209, 3 Pac. 265; Stoddard v. Chambers, 2 How. 284, 11 L. ed. 269; Barney v. Dolph, 97 U. S. 652, 24 L. ed. 1063.

The rights of the homesteader under the patent, on issuance of the same, relate back to the original entry, and all rights thereunder inure to the settler from the date of his entry. United States v. Fryberg, 32 Fed. 195; Bernardy v. Colonial & U. S. Mortg. Co. 17 S. D. 637, 106 Am. St. Rep. 791, 98 N. W. 166. Immediately on entry the entryman thereby acquired an inchoate right in and to the land homesteaded. Bergstrom v. Svenson, 20 N. D. 55, 126 N. W. 497; Hastings & D. R. Co. v. Whitney, 132 U. S. 357, 33 L. ed. 363, 10 Sup. Ct. Rep. 112. This right is pledged him by the homestead laws that the premises homesteaded shall be his in fact so long as he complies with legal requirements under which the same is so held; and that the government, as a trustee for him, will convey to him the legal title on his full performance of its requirement of five years' bona fide residence upon, cultivation and improvement of, the tract homesteaded.

The interest, then, of the plaintiff, while but slight in the beginning, became perfected into a full equitable title, to which the mortgage could and did attach long prior to the bankruptcy proceedings; so that at the time of the bankruptcy, this mortgage was not hovering above this land, but instead was upon it, an existing lien under which the entire equitable title of the plaintiff was pledged as security to the defendant for performance of the contract to pay, and covenants contained in and a part of the mortgage instrument. And it remained unpaid and unsatisfied, while the plaintiff mortgagor converted her equitable title into the legal title by offering her final proof, and procuring patent to the land upon which rested this mortgage.

At such time, immediately upon the issuance of patent, our state statute, § 6155, became operative, not as of the date of proof, but as of the date of the execution and delivery of the mortgage, under the doctrine of relation back, provided for in the statute (§ 6155, Rev. Code of 1905), reading: "Title acquired by the mortgagor subsequent to the

execution of the mortgage inures to the mortgagee as security for the debt in like manner as if acquired before the execution." The statute then, as between mortgagor and mortgagee, gives the effect to the mortgage the law would have given the mortgage, had the mortgagor possessed the legal title at the time of the mortgaging of the property, title to which was subsequently acquired. Besides this, the law invokes an estoppel against the mortgagor, and refuses to permit the mortgagor to deny the validity of the mortgage. The plaintiff having covenanted with the mortgagee that she owned the land in fee simple; that the same was free from encumbrance; that she had good right to convey the same, and that the mortgagee should, in case of title acquired thereunder, enjoy quiet and peaceable possession of said premises, all this as security for her promise contained in the mortgage, to pay the mortgagee the amount secured thereby,—in equity she cannot be heard to deny such recitals and covenants, and assert the contrary, to defeat the very object for which she gave the mortgage. Such covenants, in the absence of the statute, would have caused the after-acquired title to have inured by estoppel to the benefit of the mortgagee. In the first instance, then, the statute in legal effect casts the encumbrance back to the date of its execution, to be inforced in all particulars as valid from that date; and, in the second instance, plaintiff is barred by estoppel from asserting the invalidity of the mortgage through her lack of title, contrary to the covenants of her mortgage contract. Whether she acquired the title for the benefit of the mortgagee under his mortgage, or, instead, acquired the title with the purpose of defeating the mortgage, as she has evidently done in this case, is immaterial, as equity conclusively presumes she completed the title for the benefit of the mortgagee. Smith v. Hogue, 19 N. D. 337, 123 N. W. 827.

Yerkes v. Hadley, 5 S. D. 324, 2 L.R.A. 363, 40 N. W. 340; Clark v. Baker, 14 Cal. 612, 76 Am. Dec. 449; Gardner v. Wright, 49 Or. 609, 91 Pac. 286; Tucker v. Tucker, 122 App. Div. 308, 106 N. Y. Supp. 713; and many of the authorities cited as supporting the validity of the mortgage.

It is immaterial, then, as to what was done in the bankruptcy proceedings, the bankruptcy statute by express terms excepting liens and mortgages from its operation. It is true the debt secured by the mortgage was long past due, and was for an amount certain and ascertainable, but the covenant to pay the debt ran with the land, and was unaffected

by the bankruptcy proceedings. Bankruptcy does not discharge a debt in the full sense or as results from a payment of the debt. Bankruptcy simply affects the remedy for the collection of the debt, and bars such remedy. The debt actually still exists, and may be a valid consideration for a new promise to pay or perform. The bankruptcy statute has relation to the remedy for the collection of the debt by court process, but leaves intact the remedy for collection of the still existing debt by lien foreclosure. The obligation to pay the debt, so far as suit thereon is concerned, is discharged, but the right to enforce payment thereunder because of the lien is unaffected, the debt remaining so secured. Such being the case, the mortgage still remains a lien by voluntary act by contract, upon the premises in question, unaffected by the bankruptcy.

Champion v. Buckingham, 165 Mass. 76, 42 N. E. 498; Citizens' Loan Asso. v. Boston & M. R. Co. 19 Am. Bankr. Rep. 650, 196 Mass. 528, 14 L.R.A.(N.S.) 1025, 124 Am. St. Rep. 584, 82 N. E. 696, 13 A. & E. Ann. Cas. 365; Christy v. Dana, 34 Cal. 548, and same case again in 42 Cal. 175; Paxton v. Scott, 66 Neb. 385, 92 N. W. 611; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703, 5 Cyc. 354; 3 Remington, Bankr. §§ 2668–2672 and 2673.

This brings us to the consideration of the rights of the mortgagor and her husband in the land, under the homestead statutes granting them by law, as the head of a family, 160 acres of land exempt from judgment lien and from execution or forced sale thereunder, as defined and provided in § 5049, Rev. Code, 1905. The statute (§ 6155), heretofore referred to, provides that the title acquired by the mortgagor inured to the benefit of the mortgagee in like manner as if acquired before execution. As against the mortgagor, the wife, the mortgage is valid, unless the property mortgaged is relieved therefrom because of its being impressed with a homestead character. The mortgage came into existence a year before the marriage. It was recorded immediately, and constructive notice thereof given the husband prior to his residence with the wife on the land. In this connection we might remark that the earlier cases held to the doctrine that, inasmuch as title was derived from the government by patent, the purchaser or intending mortgagee need not look farther in the record than to the patent, and that instruments of record preceding the patent were not constructive notice. This theory, being developed along with the early rule holding the invalidity of mortgage executed before patent, under the doctrine that a mortgage

was an alienation, has been abrogated by the latter decisions as has the early doctrine touching the validity of mortgages on homesteads prior to final proof. See Bernardy v. Colonial & U. S. Mortg. Co. 17 S. D. 637, 106 Am. St. Rep. 791, 98 N. W. 166, and cases cited. The husband, then, has had full notice of the rights of the defendants, since, prior to the time he could, under the homestead statute, have claimed the land was so exempt.

But any homestead rights of the family came under, and are dependent upon, the title of the wife, the entrywoman. When the law cast the family's homestead rights upon this land, the prior right by mortgage of the defendants existed thereon. Surely, if the wife's title was sufficient to be a foundation for the operation of the state homestead exemption, it was a mortgagable interest sufficient that the mortgage long prior thereto had attached. The homestead exemption is dependent entirely upon the estate and interest of the owner thereof, and is subject to her legal and valid contracts. It is secondary to the wife's title, and dependent upon it, and cannot exceed the wife's rights or modify the wife's title. See Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245; Ferris v. Jensen, 16 N. D. 462, 114 N. W. 372; Kneen v. Halin, 6 Idaho, 621, 69 Pac. 14; Rogers v. Minneapolis Mach. Co. 48 Wash. 19, 92 Pac. 774. The husband, coplaintiff, must base the family homestead exemption upon the wife's title, and he, like the wife, is, by the statute, concluded by the recorded mortgage imputing notice to him. The homestead exemption could not be given retroactive force in any event; certainly not beyond the time when it could have existed. The mortgage, being valid when given, remained unaffected by the homestead exemption subsequently coming into existence.

For the foregoing reasons, the mortgage of the defendants upon the tract homesteaded and described in the pleadings is a valid and existing lien thereon, for the full amount thereof, and defendants are entitled to a decree that the premises be sold under foreclosure to enforce payment of said mortgage, together with costs to defendants in district court, to which should be added the costs of this court on appeal; and that the judgment of the lower court heretofore entered be reversed and set aside, and that said court enter judgment in conformity herewith.