(December 21, 1921.)

ALEXANDER MUNRO, Respondent, v. WARD C. Mc-ALLISTER and MARIE McALLISTER, Appellants.

[203 Pac. 286.]

MORTGAGE—PURCHASE PRICE—REAL ESTATE—VALIDITY OF, WHERE WIFE DOES NOT JOIN IN EXECUTION—PRIORITY OF, AGAINST WIFE'S COMMUNITY INTEREST—ASSIGNMENT OF CERTIFICATE OF SALE TO STATE LANDS—WARRANTY BY ASSIGNOR—EVIDENCE—ADMISSIBILITY TO PROVE KNOWLEDGE OF ADVERSE CLAIM — ADMISSIBILITY TO PROVE SEVERAL INSTRUMENTS PART OF ONE TRANSACTION.

1. A mortgage given by the husband for the purchase price of real estate has priority over any statutory right of the wife in such real estate, and such mortgage is good and effectual against the wife of the mortgagor without her joining in the execution thereof.

2. Where the assignor of a certificate of sale to state lands assigns all his right, title and interest under such certificate, he does not warrant the title to the lands described in such certificate nor undertake to defend such title.

3. The admission of evidence tending to show that the purchaser of an assignment to a certificate of sale to state lands had

knowledge of an adverse claim to a portion of the lands covered by such certificate at the time of such purchase does not constitute prejudicial error.

4. Error cannot be predicated upon the admission of testimony tending to prove that three instruments executed by the parties at about the same time and relating generally to the same subject matter were all one transaction. Such evidence does not vary the terms of a written instrument.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action to foreclose mortgage. Judgment for plaintiff. *Affirmed.*

Suppiger & Ogden and L. H. Wheeler, for Appellants.

The property was the community real property of defendants, husband and wife, and the mortgage was void for want of grantor party. (Secs. 2680, 4666–4667, 5325, C. S.; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Ostheller v. Spokane & Inland E. R. Co.,* 107 Wash. 678, 182 Pac. 630; *Holyoke v. Jackson,* 3 Wash. Ter. 235, 3 Pac. 841; *Brotton v. Langert,* 1 Wash. 73, 23 Pac. 688; *Batchelor v. Brereton,* 112 U. S. 396, 5 Sup. Ct. 180, 28 L. ed. 748; *Peabody v. Hewett,* 52 Me. 33, 83 Am. Dec. 486; *Cox v. Wells,* 7 Blackf. (Ind.) 410, 43 Am. Dec. 98; *Cordado v. Wright,* 159 Cal. 610, Ann. Cas. 1912C, 1044, 115 Pac. 227; *Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Vermont Loan & T. Co. v. McGregor,* 5 Ida. 510, 51 Pac. 104; *Wits-Keets-Poo v. Rowton,* 28 Ida. 193, 152 Pac. 1064.)

Plaintiff sold defendants a specific quantity of land, forty acres, and title failed as to part, one-fourth, ten acres, and the defendants were entitled to offset for the loss. (*Quinn v. Windmiller,* 67 Cal. 461, 8 Pac. 14; *Lies v. Mulhall,* 31 Ida. 205, 169 Pac. 1165.)

Parol evidence was not admissible to vary the terms of the timber deed, and defendants were entitled to decree

that the timber is free and clear of any lien of the mortgage. (*Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117, 69 L. R. A. 572; *Josslyn v. Daly,* 15 Ida. 137, 96 Pac. 568; *Lewis v. Brown,* 22 Cal. App. 38, 133 Pac. 331.)

C. J. Orland, for Respondent.

A mortgage is valid for the purchase money, made by the husband alone; the wife is not a necessary party thereto. (*Kneen v. Halin,* 6 Ida. 621, 59 Pac. 14; *Dillon v. Byrne,* 5 Cal. 455; *Carr v. Caldwell,* 10 Cal. 380, 70 Am. Dec. 740; *Pratt v. Topeka Bank,* 12 Kan. 570; *Prout v. Burke,* 51 Neb. 24, 70 N. W. 512.)

A purchase-money mortgage has priority over all other liens created against the purchaser. (Sec. 6351, C. S.)

The wife's name not appearing as one of the grantors in the body of the mortgage does not render it invalid. (*Hadley v. Clark,* 8 Ida. 497, 69 Pac. 319.)

BUDGE, J.—This action is one to foreclose a mortgage. Judgment was had in favor of respondent, decreeing the foreclosure and sale of the mortgaged premises. This appeal is from the judgment and from an order denying a motion for a new trial.

Briefly stated, the facts are as follows: On March 24, 1906, respondent by a certificate of sale purchased from the state of Idaho an assignment of its right, title and interest in and to the SW.¼ SW.¼ of sec. 22, T. 4 N., R. 2 W., B. M., containing forty acres, more or less, the purchase price of the premises above described to be paid by instalments covering a series of years.

On May 31, 1902, the state of Idaho sold to one Wm. Dreary all of the timber then growing or standing upon the above described tract of land. On October 2, 1902, Dreary conveyed by deed said timber to the Wisconsin Log & Lumber Co., a corporation. The latter corporation by deed conveyed said timber to the Potlatch Lumber Co., on April 10, 1903, and the latter company on January 11, 1907, conveyed by deed said timber to respondent Munro.

On or about June 14, 1917, respondent and his wife by assignment sold, assigned and transferred to Ward C. McAllister all of their right, title and interest in and to the premises above described.

On June 18, 1917, respondent and his wife conveyed to Ward C. McAllister, by deed, all of the timber of every description lying, standing or being upon the premises hereinbefore described.

On June 15, 1917, Ward C. McAllister executed and delivered to respondent a real estate mortgage upon said premises to secure the payment of a promissory note for $5,000, signed by Ward C. McAllister and Marie McAllister, his wife, being the balance of the purchase price of the land and timber conveyed to McAllister by respondent as herein referred to. Appellant Marie McAllister signed and acknowledged the mortgage but was not designated in the body of the mortgage as one of the mortgagors. Said timber deed was filed for record on June 17, 1917, and the mortgage securing the note was filed for record on June 18, 1917.

It will be observed that the contract entered into between the state of Idaho and Munro was by assignment transferred to Ward C. McAllister, who became the purchaser of whatever right, title and interest Munro had.

We will discuss only such errors assigned by appellant as we deem worthy of notice.

It is contended that the court erred in admitting in evidence the mortgage for the reason that the property described therein was community property, and since appellant Marie McAllister did not join in the mortgage as one of the grantors, that the same was void.

Since the note and mortgage given to respondent was for the balance of the purchase price, the lien created thereby was prior to any right which may have been acquired by the community, and it was, therefore, immaterial whether the wife was named as a grantor in the mortgage or not.

In *Kneen v. Halin,* 6 Ida. 621, at 623, 59 Pac. 14, it is held that a mortgage given by the husband for the purchase price of real estate has priority over any statutory right of the wife in such real estate. In 1 Jones on Mortgages, sec. 464, *inter alia,* it is stated that "A purchase-money mortgage is good and effectual against the wife of the mortgagor without her joining in the execution of it," and this rule applies even where the mortgage is made to a third person. (*Prout v. Burke,* 51 Neb. 24, 70 N. W. 512; *Jones v. Parker,* 51 Wis. 218, 8 N. W. 124.)

Subsequent to the sale of the premises by respondent to appellant Ward C. McAllister, an action was brought by one Jorgensen and others, against appellants and others, in the district court of the second judicial district, to quiet title to approximately ten acres, comprising a portion of a mining claim to which patent had theretofore issued to Jorgensen and her associates, the title being quieted in said action in Jorgensen and associates. The appellant here complains that the court erred in refusing to allow an offset for the loss of the lands so quieted in Jorgensen and associates. Respondent in effect merely quitclaimed to appellant any and all right, title and interest he had in the certificate of sale received from the state and did not warrant the title to the lands described in the certificate of sale issued to him by the state, or undertake to defend the title to the same.

It further appears from the evidence and the court so found that appellant purchased the interest in the lands from respondent with full knowledge of the outstanding adverse claim to the ten acres by Jorgensen and her associates, and there was no prejudicial error in the action of the trial court in admitting in evidence proof of knowledge on the part of appellant that he purchased the assignment of respondent's certificate of sale with knowledge of the existence and location of a portion of the Last Chance or Silver White mining claim upon a portion of the forty acres described herein.

When the assignment of the certificate of sale was made by respondent to Ward C. McAllister, respondent and appellants were in Seattle, Washington. The note and mortgage were executed at the same time. Respondent's wife not being in Seattle, the deed conveying the timber was made in Moscow, the residence of respondent and his wife, and there placed of record, and thereafter the mortgage was filed of record. The sale of respondent's interest as evidenced by his certificate received from the state, the sale of the timber as evidenced by the deed executed by himself and wife, and the execution of the note and mortgage by appellant and his wife, were all one and the same transaction, and the court did not err in the admission of testimony in proof of this fact, neither did such testimony vary the terms of the deed to the timber. (*Stewart v. Smith,* 36 Minn. 82, 1 Am. St. 651, 30 N. W. 430.)

We have examined the remaining errors assigned, but find no merit therein. The judgment of the trial court is affirmed. Costs are awarded to respondent.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.