DAVID GUNSCH and Christina Gunsch v. URBAN MERCAN-
TILE COMPANY, a Corporation.

(160 N. W. 69.)

**Government land — entryman on — mortgage by — single man — contest
— prior entry — crop planted — final order on contest — before filing —
valid lien — against entryman — homestead rights — even though he
marries — final proof.**

A mortgage which is given by an entryman on government lands while a
single man, and pending a proceeding to contest and cancel a prior homestead
entry, and after he has planted a crop on said land, and after the determination
of the contest in his favor in the local land office, but before the issuance of the
final order by the General Land Office, and before he has actually filed as an
entryman under his preference right, is a valid lien both as against the entryman
and the family homestead rights, even though such entryman may have married
between the time of the execution of such mortgage and the final order of the
General Land Office and his filing thereunder, final proof having subsequently
been made.

Opinion filed November 4, 1916.  Refiled December 2, 1916.  Rehearing denied
December 2, 1916.

Appeal from the District Court of Mercer County, *J. M. Hanley, J.*
Action to determine adverse claims to real estate.
Judgment for defendant.  Plaintiffs appeal.
Affirmed.

Statement of facts by BRUCE, J.

This is an action to determine adverse claims to real property, and
comes to us for a trial *de novo*. On July 8, 1908, the plaintiff, David
Gunsch, commenced a contest to cancel a prior homestead entry on the
land in question. On February 24, 1909, said contest was decided in

NOTE.—Those provisions of the homestead laws that land shall not be liable for
debts incurred prior to the issuance of a patent are for the benefit of the home-
steader, and they do not prevent a voluntary subjection of the land as security for
debts created prior to the patent, as will be seen by an examination of the cases in
a note in 6 L.R.A.(N.S.) 934, on the validity of a mortgage upon public lands exe-
cuted by claimant under the homestead acts prior to patent or final proof.

the local land office in his favor. In April, 1909, Gunsch planted a crop on the land. On August 25, 1909, he executed a mortgage on the land to the Minneapolis Threshing Machine Company, containing the usual covenants, and which the mortgage was recorded on October 18, 1909. On March 8, 1910, plaintiffs, David Gunsch and Christina Gunsch, intermarried. On March 28, 1910, the Commissioners of the General Land Office of the United States issued an order canceling the prior homestead entry. On April 27, 1910, David Gunsch filed a homestead entry. On February 1st, 1913, the Minneapolis Threshing Machine Company assigned the notes and mortgage to the defendant, Urban Mercantile Company. This assignment was recorded on February 18, 1913. On February 24, 1914, the plaintiff, David Gunsch, made final proof. On July 21, 1914, patent was issued. The plaintiffs, husband and wife, have made their home on the land ever since they were married. On April 8, 1915, a judgment was entered in the district court of Mercer county in an action to quiet title, in which David Gunsch was the sole plaintiff, and the Urban Mercantile Company, the defendant, which adjudged and decreed the mortgage to be a lien on said land. No appeal was taken from this judgment.

*Thornstein Hyland,* for appellants.

The pleadings in the former action show that the question of homestead was not in issue. The area and the value must be pleaded. Severtson v. Peoples, 28 N. D. 372, 148 N. W. 1054; Horton v. Emerson, 30 N. D. 258, 152 N. W. 529, and cases cited; Coyle v. Due, 28 N. D. 400, 149 N. W. 122, and cases cited.

To constitute an estoppel by judgment, the cause of action in the former and subsequent proceedings must be identical. Stitt v. Rat Portage Lumber Co. 101 Minn. 93, 111 N. W. 948.

The test of the identity of causes of action for the purpose of determining the question of *res judicata* is the identity of the facts essential to their maintenance. Harrison v. Remington Paper Co. 3 L.R.A.(N.S.) 954, 72 C. C. A. 405, 140 Fed. 385, 5 Ann. Cas. 314; Wells-Stone Mercantile Co. v. Aultman, 9 N. D. 520, 84 N. W. 375; Linne v. Stout, 44 Minn. 110, 46 N. W. 319; Bigley v. Jones, 114 Pa. 510, 7 Atl. 54.

A mortgage upon real estate not then owed by the mortgagor, but

afterwards acquired, attaches to and covers the title, and is a valid lien upon such real estate at once upon the acquisition of title by the mortgagor. But this rule does not apply to government homestead. 32 Cyc. 1036d, 88; Hussman v. Durham, 165 U. S. 144, 41 L. ed. 664, 17 Sup. Ct. Rep. 253; Denver v. Mullen, 7 Colo. 345, 3 Pac. 693.

A mortgage or deed of the homestead must be executed by both husband and wife. Rev. Codes, §§ 5607, 5608.

It is not necessary that a party make actual residence in order to make a certain piece of real estate the homestead, if it is intended that such tract shall be the homestead, and this intention will be ascertained from the surrounding circumstances. Mandan Mercantile Co. v. Sexton, 29 N. D. 602, 151 N. W. 780, Ann. Cas. 1917A, 67; 21 Cyc. 425d; Reske v. Reske, 51 Mich. 541, 47 Am. Rep. 594, 16 N. W. 895; Deville v. Widoe, 64 Mich. 593, 8 Am. St. Rep. 852, 31 N. W. 533; Barber v. Rorabeck, 36 Mich. 399; Bouchard v. Bourassa, 57 Mich. 8, 23 N. W. 452; Griffin v. Nichols, 51 Mich. 575, 17 N. W. 63; Scofield v. Hopkins, 61 Wis. 370, 21 N. W. 259; Hawthorne v. Smith, 3 Nev. 182, 93 Am. Dec. 397; Arendt v. Mace, 9 Am. St. Rep. 209, note; Gill v. Gill, 69 Ark. 596, 55 L.R.A. 191, 86 Am. St. Rep. 213, 65 S. W. 112.

"That the homestead estate is granted for the benefit of the family, and not for the benefit of the husband and father." Rosholt v. Mehus, 3 N. D. 513, 23 L.R.A. 239, 57 N. W. 783; Fore v. Fore, 2 N. D. 260, 50 N. W. 712; Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684; First International Bank v. Lee, 25 N. D. 197, 141 N. W. 716; Edmondson v. White, 8 N. D. 72, 76 N. W. 986.

"It is the law that a covenant in a mortgage of the homestead, executed by the husband alone, cannot work an estoppel against the mortgagor." Perdee v. Furbush, 95 Am. St. Rep. 922, note; Alt v. Banholzer, 39 Minn. 511, 12 Am. St. Rep. 681, 40 N. W. 830.

It would nullify the statute to hold that the deed which the law declares void should, by reason of the covenant of the grantor, operate effectually as a conveyance. Bigelow, Estoppel, 338–340; Thompson, Homestead & Exemption, 474; Connor v. McMurray, 2 Allen, 202; Barton v. Drake, 21 Minn. 299; Conrad v. Lane, 26 Minn. 389, 37 Am. Rep. 412, 4 N. W. 695; Justice v. Souder, 19 N. D. 617, 125 N. W.

1029; Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544; Gaar, S. & Co. v. Collin, 15 N. D. 623, 110 N. W. 81.

*Langer & Nuchols,* for respondent.

In this state a mortgage of real property is not a conveyance thereof, but is only a lien thereon. Comp. Laws 1913, §§ 6725, 6726.

After-acquired title of mortgagor inures to mortgagee, as of date of mortgage. Comp. Laws 1913, § 6731; Adam v. McClintock, 21 N. D. 483, 131 N. W. 394.

A mortgage, containing covenants of title, upon public land belonging to the United States, upon which no homestead entry has been filed, is not void nor in violation of the homestead laws; and if the mortgagor subsequently files homestead entry upon such mortgaged land and acquires title thereto under the homestead laws of the United States, such interest inures to the benefit of the mortgagee as of the date of the mortgage. Kirkaldie v. Larrabee, 31 Cal. 456, 89 Am. Dec. 205; Weber v. Laidler, 26 Wash. 144, 90 Am. St. Rep. 726, 66 Pac. 400.

A mortgage by an unmarried man, valid when given, remains unaffected by the homestead exemption coming into existence by the subsequent marriage of the mortgagor. Adam v. McClintock, supra; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245.

A mortgage given by an unmarried woman upon land upon which she had filed a homestead entry, prior to receiving patent, and before she had acquired equitable title thereto, was a valid mortgage, and that the legal title subsequently acquired by issuance of patent inures to the mortgagee as of date of delivery of mortgage, and that such mortgage is unaffected by the homestead exemption thereafter coming into existence by her marriage. Adam v. McClintock, supra; Comp. Laws 1913, § 6731; Kirkaldie v. Larrabee, 31 Cal. 455, 89 Am. Dec. 205; Weber v. Laidler, supra.

BRUCE, J. (after stating the facts as above). The sole question for the determination in this case is whether a mortgage which is given by an entryman while a single man, and pending a proceeding to cancel a prior homestead entry, and after he has planted a crop on the land, and after the determination of the contest in his favor in the local land office, but before the issuance of the final order by the General Land Office, and before he has actually filed as a homestead entryman under

his preference right, is a valid lien at all; and if a valid lien, a lien against the homestead rights of his wife, whom he married before filing and before the issuance of the order canceling the prior entry by the United States General Land Office, but after the execution of the mortgage, final proof having subsequently been made. We think it is a valid lien.

This case is, indeed, decided by the prior decision of Adam v. McClintock, 21 N. D. 483, 131 N. W. 394. In that case we held that a mortgage which was executed by an entryman after filing, but before final proof, was a valid lien, even as against family homestead rights. In that case the homestead entry was made by the wife before her marriage. We held that she was bound by her own covenants, and as far as her husband was concerned "the homestead exemption is dependent entirely upon the estate and interest of the owner thereof, and is subject to her legal and valid contracts. It is secondary to the wife's title and dependent upon it, and cannot exceed the wife's rights or modify the wife's title. . . . The husband, coplaintiff, must base the family homestead exemption upon the wife's title, and he, like the wife, is by the statute concluded by the recorded mortgage imputing notice to him. The homestead exemption could not be given retroactive force in any event, certainly not beyond the time when it could have existed. *The mortgage, being valid when given, remained unaffected by the homestead exemption subsequently coming into existence.*"

It is true that in the case cited the mortgage was given after the filing. We cannot see, however, how that fact in any way changes the rule. If the courts hold, as they seem almost universally to hold, that a mortgage is valid which is given before the mortgagor obtains title by final proof, and relates by statute, § 6731, Compiled Laws of 1913, to the time when originally given, we can see no reason why it should not be considered valid when given pending a contest, and after a decision of the local land office in the contestant's favor, even though before the actual filing of the preference entry. Plaintiffs are precluded from denying the validity of the mortgage, both by estoppel from the mortgage covenants and by the statute as to after-acquired title, § 6731, Compiled Laws of 1913.

The judgment of the District Court is in all things affirmed.

The costs and disbursements of this appeal will be taxed against the plaintiffs and appellants.