2014 ND 181

Rita Sue RASNIC, f/k/a Rita
Sue Johnson, Plaintiff
and Appellant

v.

CONOCOPHILLIPS COMPANY, and
Norris Hildre and Beverly
Hildre, Defendants

Norris Hildre and Beverly
Hildre, Appellees.

No. 20140032.

Supreme Court of North Dakota.

Sept. 26, 2014.

Joshua A. Swanson, Fargo, N.D., for plaintiff and appellant.

Matthew H. Olson, Minot, N.D., for appellees.

SANDSTROM, Justice.

[¶ 1] Rita Sue Rasnic, formerly known as Rita Sue Johnson, appeals from a summary judgment quieting title to disputed mineral interests in McKenzie County to Norris and Beverly Hildre. Rasnic argues she is entitled to the disputed mineral interests because those mineral interests were subject to a mortgage held by her predecessor in interest, American State Bank. We conclude the plain language of the Hildres' 1988 mortgage applied only to mineral interests owned by them when the mortgage was executed and title to the disputed mineral interests, which was acquired by the Hildres after the mortgage was executed, did not inure to American State Bank as security for the Hildres' debt under N.D.C.C. § 35–03–01.2(4). We affirm the judgment quieting title in the disputed mineral interests to the Hildres.

I

[¶ 2] In 1988, the Hildres owned real estate in McKenzie County and some of the mineral interests underlying their land. In March 1988, they executed a mortgage on their real estate to American State Bank, "[i]ncluding all oil, gas, and other minerals in and under and to be produced from the prescribed property and owned of record by mortgagor." In March 1990, Norris Hildre's mother, Ruby Mortensen, executed a mineral deed conveying all of her mineral interests in the land to four grantees, including Norris Hildre, but reserving onto herself a life estate for her own life to receive any and all income from the property. Mortensen died in May 2004.

[¶ 3] In 1993, American State Bank obtained a judgment against the Hildres foreclosing the 1988 mortgage. The property subject to the mortgage was sold to American State Bank at a public auction, and in 1994, American State Bank received a sheriff's deed for the property. After a series of conveyances, Rasnic acquired the property identified in the sheriff's deed.

[¶ 4] The parties do not dispute that Rasnic now owns the mineral interests owned by the Hildres in 1988 when they executed the mortgage; rather, their dispute involves ownership of the mineral interests the Hildres received from Mortensen in 1990. Rasnic brought this action to quiet title to those disputed mineral interests, claiming the 1988 mortgage applied to the mineral interests the Hildres received from Mortensen in 1990. The Hildres answered and counterclaimed, alleging the 1988 mortgage applied only to mineral interests they owned of record in 1988. On cross-motions for summary judgment, the district court determined the mineral interests the Hildres received from Mortensen in 1990 were not subject to the 1988 mortgage and quieted title in the disputed mineral interests to the Hildres. The court explained the language in the 1988 mortgage encumbered only the mineral interests "owned of record by the mortgagor," which meant the mineral interests owned by the Hildres when they executed the mortgage in 1988. The court said the 1988 mortgage did not encumber the mineral interests received by the Hildres after the mortgage was executed and quieted title to the Hildres in the mineral interests they received from Mortensen in 1990.

[¶ 5] The district court had jurisdiction under N.D. Const art. VI, § 8, and N.D.C.C. § 27–05–06. Rasnic's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 6] The district court decided this action by summary judgment, which is

a "'procedure for promptly resolving a controversy without a trial if the evidence shows there are no genuine issues as to any material fact and any party is entitled to judgment as a matter of law.'" *American Family Ins. v. Waupaca Elevator Co., Inc.*, 2012 ND 13, ¶ 8, 809 N.W.2d 337 (quoting *Gratech Co., Ltd. v. Wold Eng'g, P.C.*, 2003 ND 200, ¶ 8, 672 N.W.2d 672). We review a district court's grant of summary judgment de novo. *Waupaca*, at ¶ 8.

### III

[¶ 7] Rasnic argues the district court erred in determining the mineral interests the Hildres acquired from Mortensen in 1990 were not subject to the 1988 mortgage under the clear and unambiguous language of N.D.C.C. § 35–03–01.2(4). The Hildres respond the 1988 mortgage did not apply to the mineral interests conveyed to them by Mortensen in 1990, because the plain and unambiguous language of the mortgage identified only the mineral interests "owned of record by mortgagor" when the mortgage was executed. They argue N.D.C.C. § 35–03–01.2(4) is triggered when mortgagors purport to mortgage property they do not own and later acquire title to that property. The Hildres claim N.D.C.C. § 35–03–01.2(4) does not apply to this case, because they did not purport to own the disputed minerals when they executed the 1988 mortgage.

[¶ 8] Under N.D.C.C. § 35–03–01.1(1), a "mortgage is a contract by which specific real property capable of being transferred is hypothecated for the performance of an act without requiring a change in possession, and includes a transfer of an interest in real property, other than a trust, made only to secure the performance of an act." This Court has recognized the same rules that govern the interpretation of contracts also apply to the interpretation of mortgages, and the construction of a written contract to determine its legal effect is a question of law for a court to decide. *Poyzer v. Amenia Seed & Grain Co.*, 381 N.W.2d 192, 194 (N.D.1986). The language of a contract governs its interpretation if the language is clear and explicit. N.D.C.C. § 9–07–02. Courts construe written contracts to give effect to the parties' mutual intention when the contract was executed, and the parties' intention must be ascertained from the writing alone, if possible. N.D.C.C. §§ 9–07–03 and 9–07–04.

[¶ 9] "A mortgage is a lien upon everything that would pass by a grant of the property, and upon nothing more." N.D.C.C. § 35–03–01.2(1). However, parties may agree to create a lien upon property not yet acquired, *see* N.D.C.C. § 35–01–05, and this Court has recognized an equitable lien may be created on property to be acquired in the future to effectuate the parties' intent. *Hellstrom v. First Guaranty Bank*, 54 N.D. 322, 329–30, 209 N.W. 379, 382–83 (1926).

[¶ 10] Here, however, the plain language of the 1988 mortgage states the mortgaged property includes mineral interests "owned of record" by the Hildres. This Court has recognized that mineral interests may be severed from a surface estate. *See Sickler v. Pope*, 326 N.W.2d 86, 91 (N.D.1982); *Burlington N., Inc. v. Hall*, 322 N.W.2d 233, 240 (N.D.1982). A mineral interest is a real property interest, and it is well-established that a general conveyance of land without any exception or reservation of minerals carries with it the minerals as well as the surface. *Schulz v. Hauck*, 312 N.W.2d 360, 361–62 (N.D.1981).

[¶ 11] We conclude the plain language of the 1988 mortgage evidences the parties' intent to mortgage only the mineral interests "owned of record" by the Hildres when the mortgage was executed and does

not purport to cover the separate mineral interests obtained by the Hildres from Mortensen in 1990. We therefore conclude the plain language of the mortgage did not include the disputed mineral interests obtained by the Hildres from Mortensen in 1990.

[¶ 12] Rasnic nevertheless claims the plain and unambiguous language of N.D.C.C. § 35–03–01.2(4) provides the mineral interests acquired by the Hildres in 1990 inured to the benefit of her predecessor in interest, American State Bank.

[¶ 13] Section 35–03–01.2, N.D.C.C., pertains to the nature, extent, and effect of a mortgage lien and provides, in part:

4. Title acquired by the mortgagor subsequent to the execution of the mortgage inures to the mortgagee as security for the debt in like manner as if acquired before the execution.

[¶ 14] Statutory interpretation is a question of law, fully reviewable on appeal. *In re P.F.*, 2008 ND 37, ¶ 11, 744 N.W.2d 724. Words in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, the letter of the statute must not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to determine the intention of the legislation, including the object sought to be attained, the circumstances under which the legislation was enacted, and the legislative history. N.D.C.C. § 1–02–39. A statute is ambiguous if it is susceptible to different, rational meanings. *State v. Meador*, 2010 ND 139, ¶ 11, 785 N.W.2d 886.

[¶ 15] The plain language of N.D.C.C. § 35–03–01.2(4) explicitly applies to "title" acquired by the mortgagor after the execution of a mortgage. In *Merchants' Nat'l Bank v. Miller*, 59 N.D. 273, 279, 229 N.W. 357, 359 (1930), this Court explained the same language in the predecessor to that statute applied "to a case where the mortgagor had title, lost it, and subsequently reacquired title, as much as it does to a case where the mortgagor did not have title at first, but gave a mortgage and afterwards acquired title." In *Miller*, this Court said a mortgagor's subsequent act in acquiring title to the mortgaged property estopped the mortgagor from claiming the mortgagor's after acquired title in the mortgaged property was not for the benefit of the mortgagee. *Id.*

[¶ 16] A common thread in this Court's decisions involving the language now found in N.D.C.C. § 35–03–01.2(4) is that when a mortgagor purports to own mortgaged property, but does not then have title to the property and later acquires title, the after-acquired "title" in the mortgaged property inures to the benefit of a mortgagee as security for the mortgage under equitable principles of estoppel. *See Nord v. Nord*, 68 N.D. 560, 571, 282 N.W. 507, 512 (1938); *Gunsch v. Urban Mercantile Co.*, 35 N.D. 390, 394, 160 N.W. 69, 69–70 (1916); *Adam v. McClintock*, 21 N.D. 483, 491–94, 131 N.W. 394, 397–98 (1911); *Sommers v. Wagner*, 21 N.D. 531, 538, 131 N.W. 797, 799 (1911).

[¶ 17] We construe N.D.C.C. § 35–03–01.2(4) to mean that when a mortgagor purports to grant a mortgage on property the mortgagor does not then own and thereafter acquires title to that property, the title inures to the mortgagee as security for the debt. Here the plain language of the Hildres' 1988 mortgage covered only

mineral interests owned of record by them when the mortgage was executed and did not purport to cover the separate mineral interests they obtained from Mortensen in 1990. We conclude the language of N.D.C.C. § 35–03–01.2(4) does not apply to the separate mineral interests the Hildres acquired after executing the mortgage. We therefore conclude the district court did not err in quieting title in the disputed mineral interests to the Hildres.

### IV

[¶ 18] We affirm the summary judgment.

[¶ 19] GERALD W. VANDE WALLE, C.J., GARY H. LEE, D.J., DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ. concur.

[¶ 20] The Honorable GARY H. LEE, D.J., sitting in place of KAPSNER, J., disqualified.