# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2316

_____

Oil & Gas Transfer L.L.C.

*Plaintiff - Appellee*

v.

John Karr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 13, 2019
Filed: July 9, 2019

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Oil & Gas Transfer L.L.C. ("OGT") appeals the district court's[1] denial of its motion for attorney's fees. We affirm.

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

OGT is an oil field construction company that hired John Karr to expand and manage its business in North Dakota. When Karr left OGT in April 2015, he claimed that OGT owed him $1,304,026.42. OGT disputed this claim, and Karr filed a pipeline construction lien statement under North Dakota Century Code section 35-24-04, purporting to establish a lien on a pipeline construction project that he had managed while working for OGT. OGT does not own that pipeline, and the owner is not a party to this action.

Karr made no attempt to foreclose his putative lien for nearly a year before OGT brought this action to quiet the pipeline title in January 2016. The district court granted summary judgment in favor of OGT on the question of whether Karr was eligible to claim a lien under section 35-24-04. We affirm that decision in a separate opinion. The district court also determined that, despite prevailing in its quiet title action, OGT was not entitled to attorney's fees under North Dakota Century Code section 35-24-19. We address that decision here, considering *de novo* the legal question of whether section 35-24-19 provides for an award of attorney's fees to the prevailing party in a quiet title action. *See Boyd v. ConAgra Foods, Inc.*, 879 F.3d 314, 324 (8th Cir. 2018). To answer this question, we apply North Dakota's rules of statutory construction. *Behlmann v. Century Sur. Co.*, 794 F.3d 960, 963 (8th Cir. 2015).

Under North Dakota law, "[t]he primary purpose of statutory interpretation is to determine legislative intent." *Bolinske v. Jaeger*, 2008 ND 180, ¶6, 756 N.W.2d 336, 339 (per curiam). "[T]he Legislature's intent must be sought initially from the statutory language." *Olson v. Job Serv. N. Dakota*, 2013 ND 24, ¶5, 827 N.W.2d 36, 40. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears . . . ." N.D. Cent. Code § 1-02-02. And "[s]tatutes are construed as a whole and are harmonized to give meaning to related provisions." *Rasnic v. ConocoPhillips Co.*, 2014 ND 181, ¶14, 854 N.W.2d 659, 662 (citing N.D. Cent. Code § 1-02-07). We must also presume that the legislature did

not intend an "unreasonable result or unjust consequence." *Great W. Bank v. Willmar Poultry Co.*, 2010 ND 50, ¶7, 780 N.W.2d 437, 440. Only if a statute's language is ambiguous may we "resort to extrinsic aids to determine the intention of the legislation, including the object sought to be attained, the circumstances under which the legislation was enacted, and the legislative history." *Rasnic*, 2014 N.D. 181, ¶14, 854 N.W.2d 659 (citing N.D. Cent. Code § 1-02-39). "A statute is ambiguous if it is susceptible to different, rational meanings." *Id.*

North Dakota Century Code section 35-24-19 states that "[i]n any action brought to enforce a lien prescribed by this chapter, the party for whom judgment is rendered is entitled to recover a reasonable attorney's fee, to be fixed by the court, which must be taxed as costs in the action." Karr argues, and the district court agreed, that section 35-24-19 does not apply here because OGT's quiet title action did not seek to "enforce a lien." Rather, OGT's action challenged the *enforceability* of a lien. OGT disputes this reasoning on appeal, claiming that application of the plain and ordinary meanings of the word "enforce" and the phrase "any action" makes section 35-24-19 broad enough to encompass its quiet title action.

OGT relies on Black's Law Dictionary's definition of "enforce" as "[t]o give force or effect to (a law, etc.); to compel obedience to." Black's Law Dictionary (10th ed. 2014). OGT applies this definition to conclude that its quiet title action falls within section 35-24-19 because it asked the district court to force or compel the lien to comply with the law. But OGT's conclusion does not follow from the proposed definition. The definition suggests that to enforce a lien means to give force *to a lien*, not to force that lien to comply with the law. Thus, the definition of "enforce" does not establish that section 35-24-19 provides for attorney's fees in quiet title actions challenging the enforceability of a lien. Nor does the phrase "any action" establish that section 35-24-19 provides for attorney's fees because the scope of that phrase is limited to actions "brought to enforce a lien."

Construing section 35-24-19 alongside other provisions of North Dakota's lien statutes confirms that it was not meant to allow the recovery of attorney's fees in quiet title actions. North Dakota Century Code section 35-27-24.1, for example, provides for an award of attorney's fees to owners of construction projects who succeed in actions—like quiet title actions—that "contest[] the validity or accuracy of a construction lien by any action in district court." By contrast, section 35-24-19 is not so broad. It applies only to actions brought to "enforce a lien," and construing it to apply to actions that "contest the validity or accuracy" of a lien would contradict our duty to harmonize related statutory provisions. *See Rasnic*, 2014 ND 181, ¶14, 854 N.W.2d 659. Likewise, the provision immediately preceding section 35-24-19 states that "[i]n all cases when judgment may be rendered in favor of any person *to enforce a lien* under the provisions of this chapter, the . . . pipeline . . . must be ordered to be sold." N.D. Cent. Code § 35-24-18 (emphasis added). Applying this provision, if OGT's quiet title action was "to enforce a lien" and Karr prevailed, then the district court would be *required* to order the pipeline sold even though the owner of the pipeline is not a party to the lawsuit. This is an absurd result that the legislature could not have intended. *See Pub. Serv. Comm'n v. Wimbledon Grain Co.*, 2003 ND 104, ¶21, 663 N.W.2d 186, 193 ("We presume the Legislature did not intend an absurd or ludicrous result or unjust consequences.").

For these reasons, section 35-24-19 is not ambiguous, and we need not consider OGT's public policy arguments. *See Rasnic,* 2014 ND 181*,* ¶14, 854 N.W.2d 659 (citing N.D. Cent. Code §§ 1-02-05 and 1-02-39). Accordingly, we affirm the district court's denial of OGT's motion for attorney's fees.

_____